J-S26007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN DONMOYER | |
| Appellant | No. 1441 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 1, 2020
In the Court of Common Pleas of Lebanon County
Criminal Division at No: CP-38-CR-0000528-2019

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:            **FILED:  DECEMBER 7, 2021**

Appellant, Steven Donmoyer, appeals from the July 1, 2020 judgment of sentence imposing five years of probation for driving under the influence of a controlled substance, 75 Pa.C.S.A. § 3802(d)(1) and (d)(2).  We affirm.

The trial court's opinion includes this summary of the pertinent facts:

> At the jury trial, Trooper Justin Kline of the Pennsylvania State Police testified that on November 23, 2018, at approximately 3:16 p.m., he was engaged in traffic safety detail along Route 22 just below the intersection with State Route 72.  At that time, he observed a red Honda Accord driven by [Appellant] exiting Route 22 onto State Route 72 without activation of a turn signal.  As a result of his observation, Trooper Kline effected a traffic stop.  Upon approaching the vehicle, Trooper Kline observed that [Appellant's] eyes were glassy and his pupils were constricted.  He also found [Appellant] to be overly talkative and nervous.
>
> As per his training and experience, Trooper Kline determined that these observations were consistent with a person who was under the influence of a controlled substance.  Specifically, Trooper Kline determined that these indicators led

him to believe that [Appellant] was under the influence of a central nervous stimulant, such as methamphetamine. When he asked [Appellant] if he had been using that drug, [Appellant] did not answer, but instead offered that he had taken two prescription hydrocodone tablets several hours earlier and showed Trooper Kline a pill bottle which contained one pill. Trooper Kline also noted that [Appellant] said that he was coming from his brother's home, but he was only able to give a vague description of its location. Trooper Kline acknowledged that [Appellant] did not produce his driver's license because it was in his other vehicle, but was able to recall and recite his correct license number. The Commonwealth presented a video recording of a portion of the traffic stop at trial.

At Trooper Kline's request, [Appellant] agreed to perform field sobriety tests. Trooper Kline administered SFSTS and ARIDE tests and found that [Appellant] exhibited multiple signs of impairment which indicated that he was under the influence of controlled substances to the extent he was incapable of safe driving. [Appellant] consented to a chemical test of his blood and was transported to Good Samaritan Hospital ("GSH") to have his blood drawn.

[…]

Ayako Chan-Hosokawa, a Forensic Toxicologist at MNS Labs also testified. Chan-Hosokawa was qualified as an expert in the field of forensic toxicology for determining the presence of controlled substances in a whole blood sample. […] Chan-Hosokawa stated her opinion that [Appellant's] sample contained caffeine, amphetamine, and methamphetamine and that amphetamine and methamphetamine may compromise someone's cognitive abilities while driving. She could not say with certainty whether hydrocodone would be detected if an individual had ingested that substance four hours prior to a blood draw.

Trial Court Opinion, 10/22/20, at 2-3, 5 (footnote omitted).

A jury found Appellant guilty of the aforementioned DUI charges and the trial court found him guilty of related summary traffic offenses at the conclusion of a January 29, 2020 trial. On July 1, 2020, the trial court imposed five years of probation, with the first 90 days to be served on house arrest.

J-S26007-21

Appellant filed a timely post-sentence motion asserting, among other things, that the verdict was against the weight of the evidence. The trial court denied that motion on October 22, 2020. This timely appeal followed. Appellant challenges the sufficiency of the evidence in support of his conviction under § 3802(d)(2). He also argues that his convictions under § 3802(d)(1) and (2) are contrary to the weight of the evidence. We review these issues in turn.

We begin with the sufficiency of the evidence under § 3802(d)(2). "[O]ur standard of review is *de novo,* however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420–21 (Pa. 2014).

> **(d) Controlled** substances**.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> […]
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

Appellant argues the Commonwealth failed to produce sufficient evidence under § 3802(d)(2) because the Commonwealth did not produce expert evidence of the effects of amphetamine and methamphetamine on a person's ability to drive a car.

- 3 -

In **Commonwealth v. Griffith**, 32 A.3d 1231 (Pa. 2011), our Supreme Court held that "subsection 3802(d)(2) does not limit, constrain, or specify the type of evidence that the Commonwealth can proffer to prove its case. **Id.** at 1239.

> Pursuant to our general standard, a need for expert testimony arises when the jury is confronted with factual issues whose resolution requires knowledge beyond the ken of the ordinary layman.  The need for expert testimony in a subsection 3802(d)(2) prosecution must be evaluated on a case-by-case basis, taking into account not just the specific drug at issue, prescription or otherwise, but also the nature and overall strength of the Commonwealth's evidence[.]

**Id.**  Because the arresting officer testified that he recognized signs of impairment in the driver, and blood tests revealed diazepam and nordiazepam, the evidence was sufficient—without expert testimony—to sustain the conviction under § 3802(d)(2).  **Id.** at 1240.

Appellant relies on **Commonwealth v. Etchinson**, 916 A.2d 1169 (Pa. Super. 2007), **affirmed per curiam**, 943 A.2d 262 (Pa. 2008).  There, this Court vacated the judgment of sentence because the evidence showed that marijuana metabolites can remain in a person's system long after intoxication subsides; there was no other evidence that the defendant was impaired while he was driving.  **Id.** at 1172.  Indeed, the expert testified that the amount of marijuana metabolites in the defendant's system was so small that it could have been ingested weeks or months before the incident.  **Id.** at 1175 (Bender, J. concurring and dissenting).  Absent any evidence that the

marijuana metabolites impaired the defendant while he was driving, the conviction could not stand.

*Etchinson* does not support the need for expert testimony in this case. Appellant's blood test revealed amphetamine and methamphetamine in his system, not marijuana metabolites. Further the Commonwealth's expert testified that amphetamine and methamphetamine can impair the ability to drive. Finally, Trooper Kline observed multiple signs of impairment during the field sobriety tests, and he testified that those signs were consistent with ingestion of amphetamine and methamphetamine. For these reasons, we find *Etchinson* distinguishable. The facts of this case closely align with those of *Griffith*. We discern no merit in Appellant's first argument.

Next, Appellant challenges the weight of the evidence in support of his convictions under § 3802(d)(1) and (d)(2).

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013) (internal citations and quotation marks omitted).

Section 3802(d)(1) provides in pertinent part:

1) There is in the individual's blood any amount of a:

[…]

(ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or

75 Pa.C.S.A. § 3802(d)(1)(ii).

As to this subsection, Appellant notes that his blood test failed to reveal evidence of the prescription hydrocodone he claims he ingested. Appellant further notes that the indications of impairment Trooper Kline observed are more consistent with hydrocodone than with amphetamine and methamphetamine. This argument lacks merit. First, the jury was free to discredit Appellant's claim that he took the prescribed hydrocodone at a time when his blood test should have revealed its presence. Credibility determinations are the province of the jury. *Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021), *appeal denied*, ___ A.3d ___, 2021

- 6 -

WL 4983055 (Pa. October 27, 2021). Second, Trooper Kline and Chan-Hosokawa testified that Appellant showed signs of impairment consistent with amphetamine and methamphetamine. Trooper Kline testified that Appellant's constricted pupils were consistent with the hydrocodone Appellant claimed he took, but Appellant exhibited multiple signs of impairment consistent with amphetamine and methamphetamine. N.T. Trial, 1/29/20, at 38-39. We discern no merit in Appellant's weight of the evidence challenge to his conviction under § 3802(d)(1). The trial court did not abuse its discretion in refusing to award a new trial.

Under § 3802(d)(2), Appellant argues that the jury's finding that he was substantially impaired is against the weight of the evidence. Appellant claims he was not driving erratically, and that he safely pulled his vehicle off the road when Trooper Kline activated his flashers. We observe that evidence of erratic driving is not necessary to sustain a conviction under § 3802(d)(2). *Commonwealth v. Smith*, 831 A.2d 636, 638 (Pa. Super. 2003), *appeal denied*, 841 A.2d 531 (Pa. 2003). And, as we have already explained, Trooper Kline testified that Appellant exhibited multiple signs of impairment during his field sobriety tests. Those signs of impairment were consistent with impairment caused by the controlled substances revealed in Appellant's blood test. Again, we discern no abuse of discretion in the trial court's refusal to award a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2021